UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     Plaintiff,

 -vs-

ROYDEL NICHOLSON,

     Defendant.

---

         DECISION & ORDER

         15-CR-6143

   Defendant, Roydel Nicholson ("Nicholson") has been indicted in a seven count Indictment charging mail fraud and money laundering. This Court referred all motions and other pretrial matters to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).

   Nicholson filed motions before the Magistrate Judge. He moved to suppress statements that he made to law enforcement at the time of his arrest on April 24, 2015 at his apartment at 150 VanAuker Street, Rochester, New York, and to suppress tangible evidence that was seized from the apartment on that day. Magistrate Judge Payson conducted a suppression hearing concerning the circumstances surrounding Nicholson's arrest on April 24, 2015. Only one witness testified: Special Agent Jerrod Kremblas ("Kremblas"), who has been an agent with the Department of Homeland Security for approximately eight years. Nicholson presented an affidavit with the motion but he did not testify at the suppression hearing and no other evidence was presented by the defense at the hearing. In addition to testimony taken at the suppression hearing, the parties filed memoranda in support of their respective positions.

Ultimately, Magistrate Judge Payson issued a thorough 19 page Report and Recommendation (Dkt. #48). After carefully discussing the evidence and the legal principles involved in the encounter with Nicholson, Magistrate Judge Payson recommended that the District Court deny Nicholson's motion to suppress tangible evidence and statements. Nicholson duly filed Objections to the Report and Recommendation (Dkt. #49) and the Government responded to the Objections (Dkt. #50).

I have reviewed Magistrate Judge Payson's Report and Recommendation (Dkt. #48), Nicholson's Objections (Dkt. #49) and the Government's Response (Dkt. #50). I have also reviewed the transcript (Dkt. #37) of the suppression hearing that was held on January 5, 2016.

I conclude that there is no reason to alter, modify or reject the recommendation of United States Magistrate Judge Payson. The judge's Report and Recommendation carefully and accurately describes the facts surrounding the arrest of Nicholson on April 24, 2015 and the judge also carefully and correctly discussed the law relative to the arrest, statements made by the defendant and evidence seized pursuant to a consent-to-search form.

The facts surrounding the arrest of Nicholson are straightforward and, for the most part, not disputed. Kremblas and several other agents obtained an arrest warrant for Nicholson and they went to his apartment at 150 VanAuker Street to effect the arrest. The officers announced their presence at the door and it was opened by Nicholson who identified himself. The door to the apartment opened inward toward the inside of the apartment. After Nicholson identified himself, he took a step "back into the doorway" toward the inside of the apartment according to Kremblas' testimony. Kremblas then stepped forward and guided Nicholson back into the apartment where he handcuffed Nicholson and conducted a frisk.

Kremblas testified that the area immediately inside the doorway was too narrow and small to conduct a proper pat frisk, and there were several other agents crowded around the doorway.

Kremblas testified that he explained to Nicholson that the agents had a warrant, what the procedure would be, and then asked if Nicholson wished to speak to the agents. When Nicholson responded that he would converse with the agents, Kremblas testified that he read from a Statement-of-Rights form and fully advised Nicholson of his *Miranda* warnings. Nicholson initialed the form next to each of the stated rights and Nicholson then signed the form within about 15 minutes of the officers entering the apartment.

Immediately after that, Kremblas asked Nicholson if they could search his apartment and Nicholson agreed, signing the Consent- to-Search form. The form provided, among other things, that Nicholson stated that he had read the full consent form and he understood his rights and consented to the search. The form was marked Exhibit 2 at the suppression hearing and the entire form was set forth in Magistrate Judge Payson's Report and Recommendation at footnote 5.

Nicholson's primary objection to the Report and Recommendation is that Kremblas and the other agents impermissibly entered Nicholson's apartment to arrest him and conducted a protective sweep of the premises which was broader than necessary. Therefore, those wrongful acts (in Nicholson's view) tainted what followed: Nicholson's consent to speak to the agents and his consent to allow a search of the apartment. In essence, Nicholson claims that the consent forms were the fruit of the poisonous tree. Magistrate Judge Payson disagreed with that contention and I do as well.

Concerning the entry, it is not disputed that the officers had a valid arrest warrant to arrest Nicholson. The warrant authorized them to search the premises, if necessary, for the defendant. The situation did not involve an arrest without a warrant. The fact is that Nicholson was arrested at the doorway and that he was handcuffed as he took a step back into the apartment. It is possible that the officers could have grabbed Nicholson and dragged him out into the hallway or street, but their conduct does not seem unreasonable in light of the circumstances. The Magistrate Judge determined that the entry was proper and I concur.

The officers then patted Nicholson down and some of them conducted a protective sweep of the apartment. Nicholson discusses this sweep at some length in his objections, but whether the protective sweep was justified is largely irrelevant since there is no evidence whatsoever that any item was seized by any of the officers during the sweep. There is, therefore, no "fruit" to suppress because of that activity by law enforcement. Furthermore, that sweep had no logical bearing or connection with Nicholson's subsequent agreement to speak to the officers and to consent to a search of the apartment.

I agree with Magistrate Judge Payson that although the entry was lawful, even it were deemed otherwise, on the facts of this case, I do not believe that activity so tainted the statements and consent to search that appear to be otherwise entirely proper. The Magistrate Judge found that Nicholson freely and voluntarily signed both consent forms. Agent Kremblas testified that Nicholson was not under any duress; he did not appear to be under the influence of drugs and freely agreed to speak with the officers. In addition, Kremblas testified that Nicholson cooperated in the search and pointed out locations where things could be found. I understand the Government has the burden to demonstrate the validity of these consents and, like the Magistrate, I believe the Government has met that burden.

-4-

Although Nicholson did submit an affidavit as part of the motion to suppress, he elected not to testify at the suppression hearing. That, of course, is his prerogative. But, the testimony of Agent Kremblas at the suppression hearing was, therefore, not contradicted that Nicholson was fully advised of his rights and that he freely and voluntarily consented to speak to the agents and to allow the search. The issue is one of credibility. Although, the Court may consider defendant's affidavit, it is a poor substitute for live testimony, which is the subject of cross-examination. See *United States v. Edmond*, 560 Fed. Appx. 588, 582-83 (7th Cir., 2014); *United States v. Miller*, 382 F.Supp. 2d 350, 362-62 (N.D.N.Y. 2005). I agree with Judge Payson and credit the agent's testimony.

Magistrate Judge Payson found, and I agree, that the Government demonstrated that the consents were voluntarily and freely made and purged any possible taint from the allegedly improper Fourth Amendment violation. Magistrate Judge Payson discussed the attenuation doctrine as established by the United States Supreme Court in *Brown v. Illinois*, 422 U.S. 590, 603-04 (1975). This concept of attenuation is well recognized. As recently as last month, the United States Supreme Court denied a motion to suppress finding that an impermissible stop did not warrant suppression of evidence when there was a significant attenuation event. See *Utah v. Strieff*, 579 U.S. _____; WL 3369419 (2016).

The same attenuation concept should apply here. Even if this were a circumstance where the entry was impermissible (which it was not), the actions of the police were not flagrant and abusive and done solely to secure evidence. After reviewing the factors discussed in both *Brown* and *Strieff*, I believe the attenuation doctrine justifies denial of Nicholson's motion to suppress. No good purpose would be served to suppress evidence that was obtained by virtue of Nicholson's voluntary statements and the search conducted in accordance with his consent.

According to Kremblas' testimony, no interrogation of Nicholson occurred until after he had signed the *Miranda* form, and no thorough search was performed until after the Consent-to-Search form was signed by Nicholson.  It was only pursuant to that consent that any evidence was seized by the agents.

Concerning the voluntariness of the statement, Kremblas testified that none of the officers had drawn their weapons or used force to enter the apartment and that Nicholson assisted the agents in identifying locations where evidence might be found.  Furthermore, this was not a stationhouse interrogation, but was conducted in Nicholson's own residence.

In sum, I agree with Magistrate Judge Payson and find that Nicholson voluntarily waived his *Miranda* rights after being advised of them and that he chose to speak to Agent Kremblas, and that this waiver was not tainted by the agents' entry into the premises or by the protective security sweep of the apartment.  Similarly, I find that Nicholson consented to the search of his apartment by signing a detailed consent form and that the signing was not tainted in any way by what occurred prior to its execution.

**CONCLUSION**

I accept and adopt the Report and Recommendation (Dkt. #48) of United States Magistrate Judge Marian W. Payson.

Defendant Roydel Nicholson's motion to suppress statements and motion to suppress tangible evidence seized from 150 VanAuker Street, Rochester, New York (Dkt. #26, #44) are in all respects denied.

IT IS SO ORDERED.


Dated:     July 20, 2016 TF
           Rochester, New York


HON. DAVID G. LARIMER
United States District Judge